UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MARIO R. TELLIS, <br><br> Plaintiff, <br><br> v. <br><br> DAVID GLADIEUX and SHERIFF, <br><br> Defendants. | CAUSE NO. 1:23-CV-268-CCB-SLC |

OPINION AND ORDER

Mario R. Tellis, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Tellis alleges that due to overcrowding at the Allen County Jail, he had to share a two-person cell with three people for more than two years. He was detained from June 2020 through December 2022, and had to sleep on the floor below toilet level. He alleges those conditions caused extra stress, anxiety, depression, apprehension that led to anger, sleepless nights, and frustration that led to fighting.

As a pre-trial detainee, Tellis' rights arise under the Fourteenth Amendment. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018) (citing *Kingsley v. Hendrickson*, 576 U.S. 389 (2015)). The Fourteenth Amendment guarantees inmates "the minimal civilized measure of life's necessities," which includes "reasonably adequate ventilation, sanitation, bedding, hygienic materials, and utilities." *Hardeman v. Curran*, 933 F.3d 816, 820 (7th Cir. 2019) (quotation marks omitted). The challenged condition must result in a deprivation that is "objectively serious enough to amount to a constitutional deprivation." *Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015); *see also Bell v. Wolfish*, 441 U.S. 520, 539 n.21 (1979) (quoting *Ingraham v. Wright*, 430 U.S. 651, 674 (1977)) ("There is, of course, a *de minimis* level of imposition with which the Constitution is not concerned."). Then, to state a claim for damages against an individual defendant, the plaintiff must allege the defendant's "response was objectively unreasonable under the circumstances; and that [the defendant] acted purposely, knowingly, or recklessly with respect to the consequences of [his] actions." *Mays v. Emanuele*, 853 F. App'x 25, 26-27 (7th Cir. 2021) (citing *Hardeman*, 933 F.3d at 823 and *Miranda*, 900 F.3d at 353-54). "A jail official's response to serious conditions of confinement is objectively unreasonable when it is 'not rationally related to a legitimate nonpunitive governmental purpose' or is 'excessive in relation to that purpose.'" *Id.* at 27 (quoting *Kingsley*, 576 U.S. at 398).

Overcrowding, on its own, does not state a constitutional claim, and instead the court must look to the effects the overcrowding has on the conditions of confinement. *See Bell v. Wolfish*, 441 U.S. 520, 541 (1979) ("While confining a given number of people

2

in a given amount of space in such a manner as to cause them to endure genuine privations and hardship over an extended period of time might raise serious questions under the Due Process Clause as to whether those conditions amounted to punishment, nothing even approaching such hardship is shown by this record."). Here, Tellis does not identify any effects from the overcrowding that rise to the level of a constitutional issue.

Sleeping on a mat on the floor, rather than on an elevated bed, does not, by itself, constitute a constitutional violation. *See Randle v. Gladieux*, No. 1-21-CV-425-HAB-SLC, 2022 U.S. Dist. LEXIS 26855 at *3-4 (N.D. Ind. Feb 15, 2022) ("[S]leeping on a mat on the floor, while uncomfortable, does not deprive a person of the minimal civilized measure of life's necessities."); *Rodmaker v. Krienhop*, No. 4:14-CV-070-TWP-TAB, 2014 U.S. Dist. LEXIS 100067 at *6 (S.D. Ind. July 23, 2014) ("[S]leeping on the floor does not punish a detainee so long as jail officials provide a mattress."). The added stress Tellis describes is not a cognizable injury here. *See Doe v. Welborn*, 110 F.3d 520, 523-24 (7th Cir. 1997) (psychological injury must be extreme to constitute an injury in a conditions-of-confinement claim). Similarly, Tellis does not describe the circumstances around the alleged fighting or explain how the fighting is reasonably attributed to the overcrowding.

This complaint does not state a claim for which relief can be granted. If Tellis believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least

where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Mario R. Tellis until **May 3, 2024**, to file an amended complaint; and

(2) CAUTIONS Mario R. Tellis if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

March 28, 2024

                                            /s/*Cristal C. Brisco*
                                            CRISTAL C. BRISCO, JUDGE
                                            UNITED STATES DISTRICT COURT