UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MARIO R. TELLIS, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:23-CV-268-CCB-SLC |
| DAVID GLADIEUX, SHERIFF, | |
| Defendants. | |

OPINION AND ORDER

Mario R. Tellis, a prisoner without a lawyer, filed an amended complaint about the conditions he was held in at the Allen County Jail from June 2020 through December 2022. ECF 14. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

For much of Tellis' detention at the jail, he was subject to the unconstitutional conditions of confinement identified in *Morris v. Sheriff of Allen County*, No. 1:20-CV-34-DRL, 2022 WL 971098 (N.D. Ind. Mar. 31, 2022). In that case, the court certified a class of "all persons currently confined, or who would in the future be confined, in the Allen County Jail" under Federal Rule of Civil Procedure 23(b)(2) for injunctive and

declaratory relief. *Id.* at *1. The court found at summary judgment that certain conditions of confinement at the jail violated the Eighth and Fourteenth Amendments to the Constitution: "The overcrowding problem at the jail—which in turn has spawned an increased risk of violence, unsanitary and dangerous conditions in cells, insufficient recreation, and classification difficulties—has deprived this class of inmates 'the minimal civilized measure of life's necessities.'" *Id.* at *5 (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). The court also entered a permanent injunction to address the overcrowding, lack of sufficient staffing and recreation, and inadequate supervision of prisoners and continues to monitor the remediation of the unconstitutional conditions. *Id.* at 17.

Tellis alleges that because of the overcrowding, he had to share a two-person cell with three people and sleep on the ground below toilet level for two more than two years. Overcrowding, on its own, does not state a constitutional claim. *See Bell v. Wolfish*, 441 U.S. 520, 541 (1979) ("While confining a given number of people in a given amount of space in such a manner as to cause them to endure genuine privations and hardship over an extended period of time might raise serious questions under the Due Process Clause as to whether those conditions amounted to punishment, nothing even approaching such hardship is shown by this record."). Nor does sleeping on a mat on the floor. *See Randle v. Gladieux*, No. 1-21-CV-425-HAB-SLC, 2022 U.S. Dist. LEXIS 26855 at *3-4 (N.D. Ind. Feb 15, 2022) ("[S]leeping on a mat on the floor, while uncomfortable, does not deprive a person of the minimal civilized measure of life's necessities."); *Rodmaker v. Krienhop*, No. 4:14-CV-070-TWP-TAB, 2014 U.S. Dist. LEXIS 100067 at *6

2

(S.D. Ind. July 23, 2014) ("[S]leeping on the floor does not punish a detainee so long as jail officials provide a mattress."). But overcrowding could lead to deprivations of essential food, medical care, or sanitation, cause an increase in violence, or result in other intolerable prison conditions. *Rhodes v. Chapman*, 452 U.S. 337, 348 (1981). Here, Tellis plausibly alleges that the overcrowded conditions caused him stress-related anxiety, depression, and other mental health issues that manifested as high blood pressure and stress-related headaches. He also had many sleepless nights due to the anger and frustration that built up from the overcrowding. And finally, the tensions led to at least one physical fight.

As a pretrial detainee, Tellis is protected under the Fourteenth Amendment from being held in "conditions that 'amount to punishment.'" *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 856 (7th Cir. 2017) (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). Conditions may amount to punishment if as a result, inmates are denied "the minimal civilized measure of life's necessities," which include "reasonably adequate ventilation, sanitation, bedding, hygienic materials, and utilities." *Hardeman v. Curran*, 933 F.3d 816, 820 (7th Cir. 2019) (quoting *Rhodes v. Chapman*, 453 U.S. 337, 347 (1981) and *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016)). If a jail condition meets this level, a plaintiff may recover if the condition was "imposed for the purpose of punishment, . . . is not reasonably related to a legitimate goal . . ., or is excessive in relation to that purpose." *Mulvania*, 850 F.3d at 856 (quoting *Bell*, 441 U.S. at 538-39 and *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015)).

3

Tellis may proceed on a claim that the overcrowded conditions violated his rights under the Fourteenth Amendment. He names as defendants both "Sheriff" and "David Gladiuex" for violating his rights to a clean and safe living environment and for violating his rights to sufficient space in his living quarters. There are no allegations connecting David Gladieux, personally, to the allegations of harm to Tellis to allow a claim to proceed against him individually. *See Whitfield v. Spiller*, 76 F.4th 698, 706 (7th Cir. 2023) ("To recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right."). But it is plausible that the overcrowding can be attributed to a policy or practice of the Allen County Sheriff. Therefore, Tellis may proceed against the Allen County Sheriff in his official capacity for damages stemming from the overcrowded conditions. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).

For these reasons, the court:

(1) GRANTS Mario R. Tellis leave to proceed against the Allen County Sheriff in his official capacity for monetary damages for holding him in overcrowded conditions from June 2020 through December 2022, resulting in high blood pressure, headaches, and fights from the tension and stress in violation of the Fourteenth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES David Gladieux;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to

locate and serve process on) the Allen County Sheriff at the Allen County Jail, with a copy of this order and the complaint (ECF 14); and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), the Allen County Sheriff to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on July 9, 2024.

s/Cristal C. Brisco
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT